UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLENN LEE SELDEN,

        Petitioner,

v.                       Case No:  2:18-cv-131-FtM-29MRM

ELIZABETH A. KOVACHEVICH,

        Respondent.
_____

GLENN LEE SELDEN,

        Petitioner,

v.                       Case No:  2:18-cv-187-FtM-29MRM

UNKNOWN RESPONDENT,

        Respondent.
_____

GLENN LEE SELDEN,

        Petitioner,

v.                       Case No:  2:18-cv-203-FtM-29CM

UNKNOWN RESPONDENT,

        Respondent.
_____

## <u>ORDER OF DISMISSAL</u>

These matters come before the Court on initial review of the respective related files.  As more fully explained below, the Court finds the above cases warrant summary dismissal.

**BACKGROUND**

Case No:  2:18-cv-131-FtM-29MRM

On February 26, 2018, Petitioner, Glenn Lee Selden("Selden"), initiated the above case by filing a pleading entitled "Equity Law Restricts Judicial Process-Military" (Doc. 1).  Selden, who is incarcerated within the Florida Department of Corrections ("DOC") at Moore Haven Correctional Facility, is serving a fifteen (15) year sentence and various concurrent five (5) years sentences in connection with offenses committed on or about March 22, 2006, for which he was sentenced on August 20, 2007.  See Florida Department of Corrections Offender Network, located at www.dc.state.fl.us. The pleading is comprised of references to various unrelated statutes.  The only conceivable conclusion discernable from the pleading is that Selden believes he is being illegally confined. See Doc. 1 at 11 (wherein Selden requests that the Court "Order Sec'y D.O.C. Julie L. Jones for my emergency release . . ."). Consequently, the Court construes the pleading in the above case to be a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1]

Case No. 2:18-cv-187-FtM-29MRM

On March 19, 2018, Selden initiated the above case by filing

---

[1] The Court finds it would be futile to direct Petitioner to file an amended petition on the form approved for use in section 2254 cases.  A review of the Court's files reveals that, in

a pleading entitled "Correct the Order and Immediate Release Order" (Doc. 1). The pleading, similar to the one Selden earlier filed, is a compilation of various unrelated statues. The pleading also contains documents from a prior case Selden filed in the Florida Supreme Court. Again the only conceivable conclusion discernable from the pleading is that Selden believes he is being illegally confined. <u>See</u> Doc. 1 at 24-25 (wherein Selden states "I aver actual innocence. I aver I did not commit the crime" and requests the Court to send him a "Release Order within 72 hours.") Consequently, the Court construes the pleading in the above case to be a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Case No. 2:18-cv-203-FtM-29CM

On March 26, 2018, Selden initiated the above case by filing a pleading entitled "Demand of Immediate Release" (Doc. 1). The pleading, mirrors both of Selden's earlier pleadings, and lists various federal and state statutes and statements of law. Intermixed within the pleading is correspondence from outside agencies, including the Department of Justice and Social Security Administration. Again, the only discernable relief Selden seeks

addition to these three cases, Petitioner filed 11 additional section 2254 petitions or pleadings construed as section 2254 cases in the Middle District of Florida. See http://ecf.flmd.cir11.dcn.

is an order directing DOC to "release" him. <u>See</u> Doc. 1 at 3.
Consequently, the Court construes the pleading in the above case
to be a petition for writ of habeas corpus filed pursuant to 28
U.S.C. § 2254.

## DISCUSSION

Rule 4, Rules Governing Section 2254 Cases, requires both a
preliminary review of an application for the writ of habeas corpus
and summary dismissal "[i]f it plainly appears from the face of
the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court. . . ." The Court takes
judicial notice that Petitioner previously filed a 28 U.S.C. §
2254 petition challenging the conviction for which he currently is
incarcerated. <u>See</u> <u>Selden v. McNeil</u>, Case No. 8:10-cv-02259-T-
33EAJ (M.D. Fla.). Petitioner has not obtained leave from the
Eleventh Circuit Court of Appeals to file a successive petition.
<u>See</u> 28 U.S.C. § 2244(b); Rules Governing Section 2254 Cases in The
United States District Courts, R. 9. "Without authorization, the
district court lacks jurisdiction to consider a second or
successive petition." <u>Pavon v. Attorney Gen. Fla.</u>, No. 17-10508,
2018 WL 1733232, at *1 (11th Cir. Apr. 10, 2018) (citing <u>Farris v.</u>
<u>United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003)).

The Court recognizes that the term "second or successive" is
not self-defining and not all habeas applications filed subsequent

to the first filed habeas are *per se* successive. <u>Panetti v. Quarterman</u>, 551 U.S. 930, 943-44 (2007); <u>Stewart v. United States</u>, 646 F.3d 856, 860 (11th Cir. 2011). Having thoroughly reviewed each of the pleadings in the above cases, the Court finds that Selden has not asserted any facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive." <u>Stewart</u> at 863

Consequently, the above cases will be dismissed without prejudice to allow Selden the opportunity to seek authorization from the Eleventh Circuit Court of Appeals should he wish to lodge a second challenge to his current incarceration. A petitioner should be aware that § 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Selden, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.[2]

ACCORDINGLY, it is hereby

**ORDERED:**

1. Case Nos. 2:18-cv-131-FtM-29MRM, 2:18-cv-187-FtM-29MRM,

---

[2] A certificate of appealability(COA), typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition. <u>See</u> 28 U.S.C. § 2253(c); <u>Hubbard v. Campbell</u>, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

and 2:18-cv-203-FtM-29CM are hereby **DISMISSED** without prejudice.

2.     The **Clerk of Court** is directed to terminate any pending motions, close the respective cases, and send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:   FTMP-1
Copies:
Counsel of Record